UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SUSANA PALACIOS-VALENCIA, *et al.*,

Plaintiffs,

v.

SAN JUAN COUNTY BOARD
OF COMMISSIONERS, *et al.*,

Defendants.

No.: 1:14-cv-01050-WJ-KBM

# CONFIDENTIALITY ORDER

In accordance with the Court's March 22, 2016 Scheduling Order (ECF No. 42), the parties will engage in discovery regarding Plaintiffs' claims for relief. Disclosure and discovery activity in this action are likely to involve production of confidential or privileged information, including law enforcement sensitive information and information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Immigration and Nationalization Act, and the New Mexico Inspection of Public Records Act, N.M. Stat. § 14-2-1, *et seq.*, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters this Confidentiality Order.

IT IS HEREBY ORDERED that in accordance with the terms of this Confidentiality Order, pursuant to 5 U.S.C. § 552a(b)(11), the Federal Defendants are authorized to release to counsel for all parties in this case, discovery, including reports, records of database searched, and files, including the alien file for the named Plaintiff, unredacted of Privacy Act-protected information, without obtaining prior written consent of the third parties whose names, addresses, and other identifying information may be present in such documents. The County Defendants

are authorized to release to counsel for all parties in this case, discovery unredacted of protected personal identifier information as defined in the New Mexico Inspection of Public Records Act, N.M. Stat. § 14-2-6(E).

IT IS FURTHER ORDERED that in accordance with this Confidentiality Order, the Federal Defendants are authorized, where appropriate, to release to counsel for all parties in this case, discovery, including reports, records of databases searched, and files, including the alien file for the named Plaintiff, unredacted of certain privileged information, including law-enforcement-sensitive information.

Such disclosure is subject to the following conditions:

1. **Scope**. All materials produced by the Defendants or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY ORDER" by the producing party that falls within one or more of the following categories: (a) information covered by the Privacy Act, 5 U.S.C. § 552a; (b) information defined as protected personal identifier information by the New Mexico Inspection of Public Records Act, N.M. Stat. § 14-2-6(E); and (c) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

   (a) The Defendants may designate a document as Confidential Information for protection

under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

(c) With respect to law-enforcement-sensitive information, the Federal Defendants may produce the documents with the privileged information (1) redacted and with the claimed privilege(s) identified in a privilege log or (2) unredacted and subject to this Confidentiality Order.

4. **Depositions.** For testimony given during a deposition, the Defendants may designate a deposition or portion thereof as "Confidential" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions. Such designations must be made within twenty (20) days of receiving the final

transcript.  Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed as Confidential Information under the terms of this Agreement.  The Defendants may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition.  In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation.  Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Information under the terms of this Order.

     5.     **Protection of Confidential Material.**

(a) General Protections. Confidential Information shall not be used or disclosed by any party, counsel for that party, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation or any appeal thereof, or in accordance with any law enforcement effort.  In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> (1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;
>
> (2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably

necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of all parties or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the Plaintiffs and counsel for the County Defendants shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of the Federal Defendants' Confidential Information and shall notify Federal Defendants of any unauthorized or inadvertent disclosures. All counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If the Defendants designate a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Challenges by any Party to Designation as Confidential Information**. The Defendants' designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. Any party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the respective Defendants. In conferring, the challenging party must explain the basis for their belief that the confidentiality designation was not proper and must give the Defendants an opportunity to review the designated material, to reconsider the designation, and, if no change in designation

is offered, to explain the basis for the designation.  The Defendants must respond to the challenge within ten (10) business days.

(b) Judicial Intervention.  If a party elects to challenge a confidentiality designation, they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the challenging party has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Defendants.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

8. **Other Privileged Information**.  This order does not prohibit or otherwise waive any privilege (e.g., attorney client privilege, deliberative process privilege, etc.) that either Defendant might assert.  This Confidentiality Order does not provide authorization for the Federal Defendants to produce Confidential Information that is protected by statute and regulation, including, but not limited to, information covered by 8 U.S.C. § 1367(a)(2) or 8 C.F.R. § 208.6(c)(2)(ii).

9. **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without

disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12. **Obligations on Conclusion of Litigation**.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain

in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

13. The parties may, by stipulation, provide for exceptions to this order and any party may apply to this Court at any time, upon proper notice, for a modification of this confidentiality order with respect to the handling or designation of any document or for any other purpose. This order does not prevent any party to this litigation from moving for any further protective order or confidentiality order.

14. This Order shall take effect when entered and shall be binding upon all counsel of

record and their law firms, the parties, and persons made subject to this Order by its terms.

15. The terms of this Order are applicable to information designated as protected or confidential produced by any federal, state or local agency not a party to this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

16. This order has no effect on the operation of 8 U.S.C. § 1373 or 8 U.S.C. § 1644.

DATED: August 12, 2016, at Albuquerque, New Mexico.

_____
Karen B. Molzen
U.S. Chief Magistrate Judge